UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | : | Case No. 11-CV-4016 (DAB) |
| Plaintiff, | : | |
| -against- | : | COMPLAINT |
| BRADLEY C. REIFLER, | : | |
| Defendant. | : | |

------------------------------------------------------------------ x

Plaintiff, JPMorgan Chase Bank N.A. ("JPMorgan Chase"), by and through its undersigned counsel, for its complaint against defendant Bradley C. Reifler ("Reifler"), alleges as follows.

Nature of the Action

1. This is an action to recover moneys owed to JPMorgan Chase by Reifler under the terms of a Guarantee, dated March 29, 2007, executed and delivered by Reifler (the "Guarantee").

The Parties

2. Plaintiff JPMorgan Chase Bank, N.A. is a national banking association with its main office, as designated in its Articles of Association, in Ohio.

3. Upon information and belief, defendant Bradley C. Reifler is a resident of the State of New York.

Jurisdiction and Venue

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because defendant Reifler resides in this District and a substantial part of the acts and omissions giving rise to this Complaint occurred in this District.

Factual Allegations

A. The Loan Agreement

6. On or about March 30, 2007, Pali Holdings, Inc. ("PHI") and JPMorgan Chase's assignor, Custodial Trust Company (together with JPMorgan Chase, the "Lender"), entered into a Loan Agreement ("Loan Agreement"), by which the parties agreed that the Lender would lend PHI up to $6,500,000.00 (the "Loan"). A copy of the Loan Agreement is annexed hereto as Exhibit A.

7. By Master Assignment and Assumption Agreement dated as of August 29, 2008 (the "Loan Assignment"), JPMorgan Chase became the assignee of Custodial Trust Company under the Loan Agreement. A copy of the Loan Assignment (redacted to show only the assignment of the Loan Agreement to JPMorgan Chase and no other, unrelated agreements) is annexed hereto as Exhibit B.

8. On or about September 22, 2009, PHI and Lender entered in a Waiver and First Amendment to Loan Agreement (the "Amendment"), by which the parties agreed to modify the terms of the Loan Agreement. A copy of the Amendment is annexed hereto as Exhibit C.

9. Pursuant to the Loan Agreement, Lender loaned PHI the sum of $6,500,000.00.

10. Pursuant to the Loan Agreement, as amended, PHI agreed to repay the principal of the Loan pursuant to the schedule set forth in the Amendment. Ex. A § 2.03; Ex. C ¶ 6.

11. Pursuant to the schedule set forth in the Amendment, a principal repayment of $350,000.00 on the Loan was due on January 1, 2010. Ex. C ¶ 6.

12. Pursuant to the Loan Agreement, an "Event of Default shall exist upon the occurrence and during the continuance of any of the following . . . . The Borrower shall default in the payment when due of any principal of, or interest on, any Loan or any amount due hereunder." Ex. A § 8.01; Ex. C ¶ 23.

13. Pursuant to the Loan Agreement, as amended, "Upon the occurrence and during the continuance of an Event of Default, the Lender may, without notice to [PHI], declare the unpaid principal of, and any accrued interest on, the Loan and any and all other Borrower Obligations of any and every kind owing by [PHI] to the Lender hereunder to be due whereupon the same shall be due and payable without presentment, demand, protest or other notice of any kind, all of which are hereby waived by [PHI]." Ex. C ¶ 28.

14. Pursuant to the Loan Agreement, as amended, "upon the occurrence and during the continuance of an Event of Default, the unpaid principal amount of the Loan shall bear interest at a rate equal to the Fed Funds Rate plus 6.75%." Ex. C ¶ 8.

B. The Guarantee

15. On or about March 29, 2007, Reifler executed and delivered the Guarantee to JPMorgan Chase's assignor, Custodial Trust Company. A copy of the Guarantee is annexed hereto as Exhibit D.

16. By Assignment and Assumption Agreement dated as of May 1, 2009 (the "Guarantee Assignment"), JPMorgan Chase became the assignee of Custodial Trust Company under the Guarantee, effective August 29, 2008. A copy of the Guarantee Assignment is annexed hereto as Exhibit E.

17. In the Guarantee, Reifler "absolutely and unconditionally guarantee[d] to" JPMorgan Chase "the full and prompt payment when due by Pali Holdings, Inc. ["PHI"] of any and all of Borrower Obligations under, and as defined in, the Loan Agreement, dated as of the date hereof . . . (the 'Loan Agreement'), between [JPMorgan Chase] and [PHI] (the 'Guaranteed Obligations')." Ex. D at 1.

18. Reifler agreed that the Guarantee "is a continuing guarantee and that its obligations hereunder shall be absolute and unconditional, irrespective of the value, validity or enforceability of the Guaranteed Obligations and, to the fullest extent permitted by applicable law, irrespective of any other circumstance whatsoever that might otherwise constitute a legal or equitable discharge or defense of a surety or guarantor in its capacity as such." Ex. D § 1.

19. Reifler waived "any requirement that [JPMorgan Chase] exhaust any right, power or remedy or proceed against [PHI] (including any right of set-off) under common law or any Credit Document, or against any other person or entity under any other guarantee of, or security for, any of the Guaranteed Obligations, it being agreed that [the Guarantee] is a guarantee of payment and not of collection." Ex. D § 1(b).

20. Reifler also expressly waived "diligence, presentment, demand of payment, performance, protest and notice of dishonor, the filing of claims and all demands whatsoever." Ex. D § 1(c).

21. The Guarantee "will not be discharged except by full, final and irrevocable payment and performance to [JPMorgan Chase] of all Guaranteed Obligations incurred while it is effective." Ex. D § 1(e).

22. Pursuant to the Guarantee, Reifler is required to "comply with any request by [JPMorgan Chase] for the payment of a Guaranteed Obligation by 12 p.m. (New York City

time) on the Business Day (as defined in the Loan Agreement) specified in such request provided that such specified day shall occur no earlier than 3 Business Days after [Reifler] receives such request." Ex. D § 3(a).

23. Reifler agreed "to pay, on demand, all reasonable out-of-pocket expenses (including reasonable legal fees and disbursements) incurred by [JPMorgan Chase] in connection with the enforcement or protection of its rights hereunder or any litigation, procedures or discovery related to [the] Guarantee." Ex. D § 8.

C. The Default

24. PHI failed to make the repayment of principal due on January 1, 2010 under the Loan Agreement, as amended.

25. By notice dated January 6, 2010, JPMorgan Chase demanded payment from PHI of all Borrower Obligations, including, but not limited to, the unpaid principal sum of $4,500,000.00, and the accrued interest thereon. A copy of the demand notice is annexed hereto as Exhibit F.

26. PHI failed to pay the outstanding Borrower Obligations as demanded by JPMorgan Chase.

27. As provided by the Loan Agreement, interest accrued on the unpaid principal amount of $4,500,000.00 from January 1, 2010 at a rate equal to the Fed Funds Rate plus 6.75% per annum.

28. At all relevant times, the Fed Funds Rate has been 5.00% per annum, making the interest rate under the Loan Agreement 11.75% per annum after January 1, 2010, which accrues $1,468.75 in additional interest per diem..

29. By notice dated March 18, 2010, pursuant to the Guarantee, JPMorgan

Chase demanded that Reifler pay the Guaranteed Obligations to JPMorgan Chase by 12:00 p.m. (New York City time) on March 25, 2010. A copy of the notice is annexed hereto as Exhibit G.

30. Reifler has failed to pay the Guaranteed Obligations as demanded by JPMorgan Chase.

FIRST CAUSE OF ACTION
(Breach of Contract)

31. Reifler breached the Guarantee.

32. JPMorgan Chase has been damaged by Reifler's breach in an amount equal to $4,500,000.00, together with unpaid interest thereon in the amount of $795,281.25 for the period from January 1, 2010 to June 13, 2011 and additional interest on the principal balance of $4,500,000.00 at a rate equal to the Fed Funds Rate plus 6.75% per annum for the period from June 13, 2011 to the date judgment is entered, which is $1,468.75 per diem as of the date of this complaint.

SECOND CAUSE OF ACTION
(Attorneys' Fees)

33. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 of this complaint as if fully set forth herein.

34. Pursuant to the Guarantee, Reifler agreed "to pay, on demand, all reasonable out-of-pocket expenses (including reasonable legal fees and disbursements) incurred by [JPMorgan Chase] in connection with the enforcement or protection of its rights hereunder or any litigation, procedures or discovery related to [the] Guarantee."

35. Defendant Reifler is liable to JPMorgan Chase for the costs and expenses, including reasonable legal fees and expenses, incurred by JPMorgan Chase in connection with the enforcement of the Guarantee and in connection with this proceeding to collect on the

Guarantee, in an amount to be determined at trial.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment against Defendant Bradley C. Reifler as follows:

1. On the First Cause of Action, against defendant Reifler in the amount of $4,500,000.00, together with unpaid interest thereon in the amount of $795,281.25 for the period from January 1, 2010 to June 13, 2011 and additional interest on the principal balance of $4,500,000.00 at a rate equal to the Fed Funds Rate plus 6.75% per annum (which is $1,468.75 per diem as of the date of this complaint) for the period from June 13, 2011 to the date judgment is entered;

2. On the Second Cause of Action, against defendant Reifler, the costs and expenses, including legal fees and disbursements, incurred by JPMorgan Chase in connection with the enforcement of the Guarantee and in connection with this proceeding to enforce the Guarantee, in an amount to be determined at trial; and

3. Together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 13, 2011

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
         Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel. (212) 308-6100
Fax: (212) 308-8830
hlevi@llf-law.com

Attorneys for Plaintiff JPMorgan
    Chase Bank, N.A.