UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/8/16

JPMORGAN CHASE BANK, N.A.,

        Plaintiff,

-against-

BRADLEY C. REIFLER,

        Defendant.

Case No. 11 Civ. 4016 (DAB)

**PROTECTIVE ORDER**

WHEREAS, a judgment was entered in favor of plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") against Defendant on August 12, 2014 ("Judgment"); and

WHEREAS JPMorgan issued a subpoena to Citibank NA ("Citibank") dated April 20, 2016 (the "Subpoena") in aid of enforcement of the Judgment seeking Citibank's records of non-parties Forefront Capital Management, LLC, Forefront Capital Holdings, LLC, Forefront Management Group, LLC, Forefront Advisory, LLC and Forefront Capital Markets, LLC (collectively, "Forefront"); and

WHEREAS Forefront objected to the Subpoena on various grounds, having submitted its objections in the form of a Letter Motion to Hon. Deborah Batts dated May 5, 2016 to stay and quash the Subpoena; and

WHEREAS JPMorgan's counsel submitted a letter response in opposition dated May 9, 2016; and

WHEREAS the Court, by order dated May 23, 2016, referred the issue to United States Magistrate Judge Deborah C. Freeman; and

3429358
3462235

WHEREAS Hon. Debra C. Freeman, U.S.M.J. issued a text order dated June 1, 2016 denying the motion to quash but stating that, given Forefront's privacy interests in the records sought by the Subpoena ("Forefront Account Records" or "Records"), the Records should be produced pursuant to an appropriate protective order and directing the Stipulating Parties to submit a proposed joint stipulation and protective order to the Court for the Court's consideration prior to any disclosures being made by Citibank in response to the Subpoena; and

WHEREAS Forefront filed objections to the June 1 text order on June 15, 2016, which objections were overruled by order of Hon. Deborah Batts dated July 14, 2016;

**IT IS HEREBY ORDERED** as follows:

1. The Forefront Account Records shall be deemed strictly confidential and JPMorgan shall not disclose them except as expressly permitted hereunder.

2. That portion of any deposition or trial transcript containing questions and answers about the Forefront Account Records shall, unless otherwise ordered by the Court, be deemed Confidential and any such Records marked as exhibits shall retain their Confidential designation, unless otherwise ordered by the Court.

3. JP Morgan shall provide copies of any documents received from Citibank among the Forefront Account Records that are not sent to the bank's customer (i.e. monthly statements) to Forefront's undersigned counsel, such as correspondence and account opening documents, including signature cards and depository resolutions.

4. JPMorgan, upon receipt of the Forefront Account Records, may use them solely to enforce the Judgment and for no other purpose, and such Records shall be disclosed only to the following persons and to no others:

(a) defendant Bradley C. Reifler and any counsel he may retain;

(b) JPMorgan personnel actually engaged in assisting in Judgment enforcement (including internal legal counsel and paralegals providing services in connection with Judgment enforcement), provided that counsel facilitating such access shall inform each such person that the material is confidential and may not be disclosed or used except as set forth in this Protective Order;

(c) other persons who are designated as signers on the Forefront accounts;

(d) Counsel for JPMorgan, and any paralegal, clerical, or other assistant that JPMorgan's counsel employs at its law firm;

(e) outside copy-service providers or document-management consultants that counsel hire and assign to this matter, provided such providers have first executed the non-disclosure agreement annexed hereto ("NDA");

(f) any mediator or arbitrator that the parties to this Action engage in this matter or that this Court appoints, provided such person has first executed the NDA;

(g) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(h) any witness who JPMorgan's counsel shows the Records to in aid of enforcement of the Judgment, provided that the witness signs the NDA;

(i) any person a party to this Action retains to serve as an expert witness or otherwise provide specialized advice to counsel, provided such person has first executed the NDA;

(j) stenographers engaged to transcribe depositions; and

(k) this Court, including any appellate court, its support personnel, and court reporters.

5. If JPMorgan's counsel wishes to make a court filing containing any Forefront Account Records, counsel shall comply with the Court's "Sealed Records Filing Instructions," available at the webpage http://www.nysd.uscourts.gov/cases_records.php?records=sealed_records, for filing under seal.

6. Nothing in this Order (the "Order") will prevent JPMorgan's counsel from producing any Forefront Account Records in its possession in response to a lawful subpoena or other compulsory process or if required to produce by law or by any government agency having jurisdiction, provided that JPMorgan gives written notice to Forefront's counsel as soon as reasonably possible (except where notice is prohibited by law).

7. Each person who has access to any Forefront Account Records pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such Records.

8. Any Party impacted herein may apply to the Court for modification of this Order.

9. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom any Forefront Account Records are produced or disclosed.

10. This Court will retain jurisdiction over all persons subject to this Order to enforce any obligation arising hereunder and/or to impose any sanctions for any violation of this Order.

3429358
3462235

4

11. Entering into or agreeing to the terms of this Order:

a) Shall not operate as an admission by Forefront or any party of any fact;

b) Shall not in any way prejudice the rights of Forefront or any party to object to the relevancy, authenticity, or admissibility into evidence of any Records or document, material, testimony, or thing subject to this Order, or otherwise constitute or operate as an admission by Forefront or any party that any Records or particular document, material, testimony, or thing is relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing, for any reason; and

c) ~~is without prejudice to each of the Forefront entities' right to appeal from the July 14 order of Hon. Deborah Batts, and nothing herein is intended to suggest or imply that any documents related to such entities are to be produced by Citibank, pursuant to JPMorgan's subpoena dated April 20, 2016, prior to the July 14 order becoming non-appealable and final.~~ [STRICKEN / DAB / 8/8/16]

12. Upon written request made at any time after the final disposition of this action, by adjudication or settlement, all Forefront Account Records in the possession of JPMorgan's counsel shall be destroyed, within ten days from the date of such request.

SO ORDERED.

Dated: August 8, 2016
New York, New York

*Deborah A. Batts*
Deborah A. Batts
United States District Judge

3429358
3462235

5

Case 1:11-cv-04016-DAB-DCF Document 135 Filed 08/02/16 Page 8 of 8

<div style="text-align: right">

<u>Exhibit A</u>
to Confidentiality
Agreement and Protective Order

</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | Case No. 11 Civ. 4016 (DAB) |
| Plaintiff, | <u>NON-DISCLOSURE AGREEMENT</u> |
| -against- | |
| BRADLEY C. REIFLER, | |
| Defendant. | |

---

I, _____, acknowledge that I have read, understand and agree to all provisions in the Protective Order entered on July\_\_, 2016 in this Action governing the non-disclosure of all Forefront Account Records (as defined therein). I have been provided with a copy thereof and agree that I will not disclose any such Records to anyone other than to the enumerated persons listed therein and solely for the purposes stated therein. By acknowledging all of these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that a willful violation of any term of the Protective Order could subject me to punishment for contempt of Court and/or money damages and/or legal fees as stated in the Order.

<div style="margin-left: 50%">

_____
Name:
Date:

</div>

3429358
3462235